IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VELMA LACO *as Administratrix of the Estate of* KENNETH L. LLOYD, *deceased*, Plaintiff, vs. SAM'S EAST, INC. *trading and doing business as* SAM'S CLUB STORE #4847, Defendant. | Civil Action No. 14-1169 Chief Magistrate Judge Maureen P. Kelly Re: ECF No. 33 |

## MEMORANDUM ORDER

Presently before the Court is Plaintiff's Motion to Compel Discovery Directed to Defendant ("the Motion"), ECF No. 33, in which Plaintiff asks the Court for an order directing Defendant to respond to five specific disputed discovery requests. Although the disputed discovery request are five in number (three interrogatory requests and two requests for the production of documents), the parties agree that they fall into two categories. First, Plaintiff seeks production of the entire claims file, reports and investigations materials compiled and/or drafted by Defendant's risk management division, Claims Management, Inc. ("CMI"). Second, Plaintiff seeks documentation and information regarding similar incidents, claims and lawsuits from all Sam's Club and Wal-Mart stores for the last ten years.

With respect to CMI's claims file, which Defendant has objected to producing in its entirety based on the work product privilege, see Fed. R. Civ. P. 26, the Motion will be granted in part and denied in part. The parties agree that whether this information is properly produced turns on whether the documents at issue were prepared in the normal course of evaluating Plaintiff's claim or whether they were prepared in anticipation of litigation. See Borgia v. State Farm Mut. Ins. Co., 2014 WL 4375643, at *3 (E.D. Pa. Sept. 3, 2014).

Here, the Court finds that the letter Plaintiff's counsel sent to CMI's Claims Manager, Matthew Farrar, dated December 13, 2012, ECF No. 34-1, pp. 1-2, placed Defendant on notice that it could reasonably anticipate litigation. Not only was the letter sent by counsel who indicated that he was "retained to represent the interests of Kenneth Lloyd" because of his fall and resulting injuries, but counsel asked for copies of any and all video surveillance that captured the incident and requested that, in the event Mr. Farrar was either unable or unwilling to produce the evidence at that time, that the information be "preserved and secured." Id. Indeed, counsel also requested that Mr. Farrar "not undertake any actions which could compromise this potential evidence, such as overwriting, destroying, losing, altering, modifying, changing or tampering with the video-data," and stated that any such actions "shall result in [his] seeking a spoliation of evidence charge from the Court at the appropriate time." Id. Under these circumstances, it is more than reasonable for Defendant to have anticipated at that point that litigation would be forthcoming. Thus, any document prepared after December 13, 2012, is protected under the work product privilege.

This having been said, Plaintiff appears particularly concerned with the production of "design drawings, specifications for the bumper guards and metal posts, and other like documents regarding the design, layout and installation of the bumper guards surrounding the cooler where this incident occurred." ECF No. 34, p. 5. Notwithstanding that Plaintiff has apparently subpoenaed these documents from the manufacturer and installer of the bumper guards, these documents are fact based and were not prepared by Mr. Farrar or Defendant. Thus, to the extent that these documents are contained in CMI's claims file, they should be produced.

With respect to Plaintiff's second set of disputed discovery requests, *i.e.*, information regarding similar incidents at Wal-Mart and Sam's Club stores for the past ten years, the Motion

will be denied in part and granted in part. First, the discovery requests that Plaintiff submitted to Defendant do no not seek information regarding similar incidents at Wal-Mart stores and Wal-Mart, which is a distinct entity from Sam's Club, is not a defendant in this action. Moreover, despite Plaintiff's categorization of the bumper guard system in place at Wal-Mart stores as being substantially similar to the bumper guard system utilized at Sam's Club stores, the Court finds to the contrary. See ECF No. 34-4, pp. 1-2. The bumper guards used in Wal-Mart stores therefore are irrelevant and, to the extent Plaintiff seeks information of similar incidents occurring in Wal-Mart stores, the Motion will be denied.

Further, the Court finds that Plaintiff's request for information regarding similar incidents over the past ten years is unwarranted given Defendant's representation that the bumper guard at issue in this case was not designed until October of 2007, and was not installed in any Sam's Club store until 2008. See ECF No. 36, p. 6. Accordingly, there could be no similar incidents involving the bumper guard at issue prior to 2008 and, to the extent Plaintiff seeks such information, the Motion will be denied.

Finally, notwithstanding Plaintiff's prior concession to confine her request for information regarding similar incidents to those that have occurred in Western Pennsylvania, see ECF Nos. 33-7, 33-8, Plaintiff's discovery requests as submitted to Defendant were not limited to any geographical area and Plaintiff now reiterates that she seeks production of any and all similar incidents without geographical limitations. The Court finds that similar incidents involving the bumper guards utilized in Sam's Club stores is relevant to the issues of whether Defendant had notice of the allegedly defective and dangerous condition and foreseeability. See Fed. R. Civ. P. 26(b)(1). Plaintiff's Motion therefore will be granted insofar as Plaintiff seeks

3

information regarding similar incidents occurring at Sam's Club stores albeit limited to stores in the United States.

Accordingly, the following order is entered:

## **ORDER**

AND NOW, this 21st day of May, 2015, upon consideration of Plaintiff's Motion to Compel Discovery Directed to Defendant, and Defendant's Memorandum in Opposition to Plaintiff's Motion to Compel Discovery, IT IS HEREBY ORDERED that Plaintiff's Motion to Compel Discovery, ECF No. 33, is granted in part and denied in part as follows:

To the extent Defendant has not already complied with Plaintiff's discovery requests, Plaintiff's Motion is granted insofar as she seeks documents and/or information from CMI's claims file prior to December 13, 2012, and any "design drawings, specifications for the bumper guards and metal posts" contained therein. Plaintiff's Motion to Compel Discovery is also granted insofar as she seeks information regarding similar incidents occurring at Sam's Club stores in the United States from 2008 until December 7, 2012, the date Mr. Lloyd was injured. The Motion is denied in all other respects.

BY THE COURT:

/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: All Counsel of Record Via CM-ECF